IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 94-CR-30009-WDS |
| ) | |
| TRANE E. DAVIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion for reinstatement to supervised release (Doc. 89). Defendant was released on Supervision on May 5, 2010. Within 20 days of his release, the defendant committed a traffic offense of failing to wear a seat belt. He committed two additional traffic violations in July of 2010, improper passing on the left (July 6, 2010) and Operating a Vehicle with a loud music system (July 28, 2010). In September of 2011, Defendant committed the offenses of speeding, and on October 19, 2011 of operating an uninsured motor vehicle and disregarding a traffic control device. Defendant was arrested by Madison County Sheriff"s Department on October 13, 2011, for domestic battery and was released on bond. He was subsequently arrested in February of 2012 for theft over $500.

The petition for revocation lists each of the above offenses and in adition, that the defendant had failed, in violation of a term of his supervision, to submit timely monthly supervision reports for the months from May-October, 2010, and August, 2011. Defendant's supervision was revoked on April 20, 2012, and the defendant was sentenced to a term of imprisonment of 18 months in the Bureau of Prisons. The Court suspended his sentence for a term of thirty (30) days to allow him to get his affairs in order. The

defendant was advised of his right to an appeal, but did not exercise that right.

## DISCUSSION

At the revocation hearing, defense counsel stipulated that although several of the offenses had been dismissed, the mere fact that defendant had been charged with the offenses was sufficient basis for his revocation. In addition, after being specifically questioned by the Court as to the charges alleged in the petition, defendant admitted to the offenses with the exception of the dismissed battery charge. With that admission, the Court found by a preponderance of the evidence that the defendant was in violation of the terms and conditions of his supervised release, and, accordingly, revoked the defendant's term of supervised release.

Defendant now seeks to have his term of supervised release reinstated and to be released from imprisonment because the underlying state traffic and theft offenses have been dismissed.

It is well settled that a conviction is not required to warrant a revocation for violation of terms of release. U.S.S.G. § 7B1.1 comment, n. 1. See also, *United States v. Fleming*, 9 F.3d 1253, 1254 (7th Cir. 1993) (where the court stated: "A conviction is not a prerequisite to the revocation . . . In [*United States v.*] *Smith*, [571 F.2d 370, 372 (7th Cir. 1978)] this court adopted the rule that a district court may revoke probation when 'reasonably satisfied' that the probationer has violated a condition of his probation." 571 F.2d at 372).

In light of defendant's specific admission to the Court that he had committed the underlying state charges which were the basis for the petition for revocation, and the Court's findings that it found by a preponderance of the evidence that there was sufficient evidence that the defendant had, in fact, committed the offenses, a separate conviction was not necessary for the revocation. Therefore, the fact that the underlying charges were subsequently dismissed does not warrant the defendant's release from imprisonment and

return to supervised release.

## CONCLUSION

Accordingly, the Court **DENIES** defendant's motion for return to supervision on all grounds raised.

**IT IS SO ORDERED.**

**DATED: <u>4 March, 2013</u>**

<u>s// WILLIAM D. STIEHL</u>
**DISTRICT JUDGE**
